**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-60687**
**Summary Calendar**

**BOYCE DOVER,**

**Plaintiff-Appellant,**

**VERSUS**

**UNITED STATES FIRE INSURANCE COMPANY, ET AL.,**

**Defendants,**

**UNITED STATES FIRE INSURANCE COMPANY,**

**Defendant-Appellee.**

Appeal from the United States District Court
for the Southern District of Mississippi
(2:96-CV-358-PG)

March 16, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

In March 1992, Boyce Dover ("Dover") sustained personal injuries during the course and scope of his employment with Jove Technologies, Inc., formerly Jove Engineering, Inc. ("Jove"). Dover received workman's compensation benefits totaling $89,674.47 from United States Fidelity and Guaranty Company who provided workman's compensation coverage to Jove. Thereafter Jove went into bankruptcy and a plan of reorganization was approved in August 1994. In March 1995, Dover sued Jove and others seeking damages

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to furnish a safe place to work and failure to properly supervise the work activities which resulted in the injuries to Dover in March 1992. Counsel for Dover and Jove entered into an agreement under which if Jove allowed a default judgment to be taken against it, Dover would not seek to recover against any assets of Jove but would look only to insurance coverage which might be applicable. Accordingly, Jove did not file an answer and a default judgment was entered in favor of Dover against Jove in the amount of $625,000 in September 1995. In October 1996, Dover filed this suit against United States Fire Insurance Company seeking to recover payment of the default judgment against Jove under a comprehensive general liability insurance policy which United States Fire had issued to Jove and which was outstanding at the time of the injuries to Dover in 1992. The parties filed cross-motions for summary judgment; and the district court ruled that express exclusions in the United States Fire policy precluded recovery under that policy. Accordingly, the district court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment. Dover appeals.

We have carefully reviewed the briefs, the reply briefs, the record excerpts and relevant portions of the summary judgment record itself. For the reasons stated by the district court in its Memorandum Opinion and Order dated September 24, 1999, we affirm the Final Judgment entered on September 29, 1999, in favor of defendant.

**AFFIRMED.**

2